# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| TERRANCE DEON REAMES, | ) |
| Petitioner, | ) |
| v. | ) 3:20-cv-00035 |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Terrance Reames' Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2555 (Doc. No. 1). After that filing, counsel was appointed who filed a Notice (Doc. No. 15) indicating that Reames intended to proceed on the Motion previously filed. The Government has filed a response in opposition to Reames' Motion (Doc. No. 16).

### I.

The basic background of the underlying criminal case was recently laid out by this Court in the context of Reames' request for compassionate release. See United States v. Reames, No. 3:17-CR-00097, 2020 WL 5250671, at *1 (M.D. Tenn. Sept. 3, 2020). That background shows the following:

On May 24, 2017, a federal grand jury returned a three-count Indictment against Reames. Count One charged that, from approximately May 2011 to August 2014, Reames engaged in a Continuing Criminal Enterprise ("CCE") by committing a number of violations of the Controlled Substances Act, 21 U.S.C. § 801, *et seq*. Those violations included: (1) possessing with intent to distribute and distributing controlled substances; (2) using a communication facility in committing

1

a drug felony; (3) attempting to possess controlled substances with the intent to distribute; (4) investing illicit drug profits; (5) using a place for the purpose of manufacturing, distributing, or using a controlled substance; and (6) importing controlled substances. Count One also alleged that Reames was an organizer or leader of the CCE, and that he obtained substantial income and resources from it. Count Two charged Reames with Conspiracy to Commit Money Laundering in violation of 18 U.S.C. § 1956(h), while Count Three charged him with knowingly possessing firearms in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c).

On February 22, 2018, Reames pled guilty to Counts One and Two of the Indictment, pursuant to a binding Rule 11(c)(1)(C) plea agreement. The Court accepted the plea agreement and Reames was sentenced to an agreed-upon 20-year term of imprisonment on January 4, 2019. No appeal was taken.

## II.

Although Reames lists one ground in his *pro se* motion, he alleges what may more properly be characterized as two claims, both of which arise from the same underlying fact: he was told at his plea hearing that a "substantial amount of drugs is enough to find a valid CCE," when, in fact, the "CCE requires [a] derivation of substantial income." (Doc. No. 1 at 4). This alleged misinformation began when the Assistant United States Attorney asserted that a substantial amount of drugs was sufficient, continued when "[d]efense counsel failed to object to this erroneous finding," and ended when "[t]he Court agreed with the [Government] that substantial evidence is enough to find a valid CCE." Id. This suggests two claims: (1) counsel was ineffective in failing to correct the Government, and (2) the Court misstated the elements making his plea unintelligent, unknowing, and/ or involuntary. Both claims fail.

2

**A.**

During the course of the plea colloquy, the Court set forth the elements of the CCE, the last of which was "that you acted as the organizer, the supervisor, manager, of the criminal enterprise, and that you must obtain – that you obtained substantial income or resources from the enterprise; a substantial amount of drugs itself would not [sic] be enough." (Case No. Doc. 3:17-cr-00097, No. 52, Plea Transcript at 6) (brackets in original). Immediately thereafter, the following exchange occurred between the Assistant United States Attorney and the Court:

> [AUSA]: I'm sorry, Your Honor. It would be enough. Substantial amount of drugs would –
>
> THE COURT: I'm sorry. You're right. A substantial amount of drugs itself is enough.

(Id.).

The Government was not wrong in correcting the Court, the Court was not wrong in correcting its statement, and defense counsel was not ineffective in failing to correct what was not an incorrect statement of the law. Under the statute, a person engages in a CCE if he or she commits a drug trafficking offenses when that activity is "undertaken by such person in concert with five or more other persons with respect to whom such person occupies a position of organizer, a supervisory position, or any other position of management, and (B) from which such person obtains substantial income *or* resources." 21 U.S.C.A. § 848 (emphasis added).

Because of the statutory language it is unsurprising that in order to convict, the Government "'must prove: (1) that the defendant committed a felony violation of federal narcotics laws; (2) that the violation was part of a continuing series of three or more drug offenses committed by the defendant; (3) that the defendant committed the series of offenses in concert with five or more

persons; (4) that the defendant acted as an organizer, supervisor, or manager with regard to these five or more persons; and (5) that the defendant obtained substantial income *or* resources from this series of violations.'" United States v. Burns, 298 F.3d 523, 535 (6th Cir. 2002) (emphasis added) (quoting United States v. Avery, 128 F.3d 966, 973 (6th Cir.1997). Moreover, "[t]he text of the statute makes clear that the fifth element can be satisfied by proving substantial income or resources, 'a word that denotes not just monetary receipts but also things in kind.'" United States v. Taylor, 489 F. App'x 34, 46 (6th Cir. 2012) (quoting United States v. Torres–Laranega, 476 F.3d 1148, 1158 (10th Cir.2007)). "[D]rugs themselves are resources within the meaning of § 848," and "[p]roving that the defendant's income or resources are substantial may be accomplished 'either by direct evidence of the revenues realized and resources accumulated by the defendant, or by such circumstantial evidence as the defendant's position in the criminal organization and the volume of drugs handled by the organization.'" Id. (quoting United States v. Hahn, 17 F.3d 502, 507 (1st Cir.1994)); see United States v. Henderson, 78 F. App'x 91, 93 (10th Cir. 2003) (collecting cases for the proposition that drugs purchased with funds from other drug deals constitute "resources" under § 848(c)(2)(B)").

Because "income or resources" is written in the disjunctive in the statute, and because drugs themselves can constitute resources for purposes of that statute, it was not improper for the Court to state that "a substantial amount of drugs itself is enough" to establish the last element of a CCE claim. For this reason, Reames' argument fails.

**B.**

Reames' Motion fails for an additional reason as well. For both an ineffective assistance of counsel claim and a claim that a plea was entered in violation of Rule 11, a petitioner must show that, but for the alleged error or misinformation, there is a reasonable probability that he would not

4

have pled guilty and would have insisted on going to trial. United States v. Dominguez Benitez, 542 U.S. 74, 83 (2004) (Rule 11 violation)  Hill v. Lockhart, 474 U.S. 52, 57 (1985) (ineffective assistance of counsel).  Reames has not made that showing.

During the plea colloquy, Reames was instructed to listen closely while the Government laid out the evidence against him.  That evidence showed a years-long sophisticated and profitable criminal enterprise during which Reames would email a supplier in China named "Alice" and receive in return kilogram shipments of methylone and ethylone for distribution in the Atlanta and Nashvillle areas. The evidence further showed Reames obtained a total of approximately 100-120 kilograms of methylone and ethylone from Alice during the course of the enterprise and used profits from earlier sales to reinvest in more "molly," or would have others send the drug proceeds to Alice and receive the drug parcels from her so as to help conceal his own involvement.

Email, bank and wire transfer records confirmed the extensive nature of the enterprise, showing that, from May 2011through January 2014, approximately $275,000 was transferred by Reames and those acting on his behalf to various nominees in China. That amount of money equates to payment for approximately 120 kilos of methylone and ethylone.  Additionally, Reames was found to have $150,000 in jewelry and drug proceeds in his residence, and he admitted during his plea to having obtained substantial income and resources, including drugs with a wholesale/kilogram value of more than $1,000,000 during the enterprise. He also agreed to a forfeiture judgment of $1,000,000, representing the proceeds from his venture.

No matter how it is sliced, Reames received a sweetheart deal by pleading guilty in exchange for a twenty year sentence pursuant to his 11(c)(1)(C) agreement.  His offense level would have been 47, but was capped at 43.  With a criminal history category VI, he faced an advisory Guidelines

5

range of from 360 months to life imprisonment. Reames does not show that there is a reasonable probability that he would have insisted on going to trial if the Government was required to prove both substantial income *and* resources in contravention of the plain language of the statute. In fact, Reames does not even try to make that showing in his filings.

Accordingly, Reames' Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2555 (Doc. No. 1) is **DENIED**. The Clerk of the Court is instructed to enter a final judgment and close this case.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE